# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                       **Case No. 11-CR-133**

**JOSE MONTALVO-BORRERO**
    **Defendant.**

## ORDER

      A jury convicted defendant Jose Montalvo-Borrero of conspiracy to distribute one kilogram or more of heroin, and on January 9, 2014, I sentenced him to life in prison. Defendant's pre-sentence report calculated a base offense level of 32 based on a drug weight of 1-3 kilograms of heroin, U.S.S.G. § 2D1.1(c)(4) (2013), then added 2 levels for reckless endangerment during flight under U.S.S.G. § 3C1.2, for a final offense level of 34. The PSR further calculated a criminal history category of VI. Ordinarily, this would have created a guideline range of 262-327 months. However, because he had two prior felony drug convictions, defendant faced a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A); pursuant to U.S.S.G. § 5G1.1(b), his guideline range became life. Defendant appealed, but his appointed counsel moved to withdraw under Anders v. California, 386 U.S. 738, 744 (1967), and the Seventh Circuit dismissed the appeal as frivolous.

      On October 2, 2015, defendant filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows the court to reduce the prison term of a defendant sentenced based on a guideline range subsequently lowered by the Sentencing Commission. Defendant relies on guideline Amendment 782, which generally reduces the

offense level in drug trafficking cases by 2 and which the Commission has designated for retroactive application. See U.S.S.G. § 1B1.10(d). Under that Amendment, defendant's base level drops to 30. See U.S.S.G. § 2D1.1(c)(5) (2014). However, because he remains subject to the statutory mandatory minimum of life, the Amendment "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2); see also U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a reduction is not authorized if the amendment does not have the effect of lowering the defendant's guideline range because of a statutory mandatory minimum term of imprisonment).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 949) is **DENIED**.[1]

Dated at Milwaukee, Wisconsin, this 7th day of October, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Defendant also seeks a court appointed attorney. Federal Defender Services of Wisconsin, appointed to represent all defendants serving sentences imposed in this district who might be eligible for sentencing relief under Amendment 782, reviewed the case but declined to file anything supplementing defendant's pro se motion.

2