**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                           **Case No. 11-CR-133**

**JOSE MONTALVO-BORRERO**
        **Defendant.**

## DECISION AND ORDER

A jury convicted defendant Jose Montalvo-Borrero of conspiracy to distribute one kilogram or more of heroin, and I sentenced him to life in prison, the term then mandated by statute given his two prior felony drug convictions. Based on changes in the law brought about by the First Step Act of 2018, the mandatory sentence today would be just 10 years. Defendant moves for sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A), asking that his life term be reduced to time served. The government does not oppose his request.

Section 3582(c)(1)(A) authorizes the district court to grant what is commonly known as "compassionate release." The statute provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued

by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define the term "extraordinary and compelling reasons." Rather, Congress instructed the Sentencing Commission, in promulgating general policy statements regarding the sentence modification provisions in § 3582(c)(1)(A), to describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. 28 U.S.C. § 994(t). The Commission's policy statement indicates that the court may, on motion of the director of the Bureau of Prisons, grant release based on the defendant's medical condition, age, or family circumstances, or for other reasons as determined by the director. U.S.S.G. § 1B1.13 cmt. n.1

The Commission has not updated the policy statement, which purports to require a motion from the director of the Bureau of Prisons, since the passage of the First Step Act, which allowed defendants to bring their own motions. Accordingly, "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of §3582(c)(1)(A) does not curtail a district judge's discretion." United States v. Gunn, 980 F.3d 1078, 1080 (7th Cir. 2020); see also United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

Giving the statutory terms their common meaning, a defendant seeking compassionate release must demonstrate that his situation is extraordinary, i.e., beyond what is usual, customary, or regular, and his need for release compelling, i.e., irreparable harm or injustice

2

will result if relief is not granted. United States v. Scott, 461 F. Supp. 3d 851, 862 (E.D. Wis. 2020); see also Gunn, 980 F.3d at 1080 (noting that the Commission's analysis can guide discretion without being conclusive). While most compassionate release motions continue to be based on the defendant's age, health, or family circumstances, courts have held that a reduction may also be granted based on dramatic changes in the law producing a gross disparity between the sentence imposed and the term a defendant would receive today. E.g., United States v. McCoy, 981 F.3d 271, 285-86 (4th Cir. 2020) (collecting cases).

If the court decides that extraordinary and compelling reasons have been shown, it must also consider the applicable 18 U.S.C. § 3553(a) factors to determine whether the sentence should be modified. In some cases, a court may find that the relevant § 3553(a) factors outweigh the extraordinary and compelling reasons warranting compassionate release and/or that release would undermine the goals of the original sentence. United States v. Bartlett, No. 06-CR-273, 2020 U.S. Dist. LEXIS 101393, at *13-14 (E.D. Wis. June 9, 2020).

As indicated, I was originally required to sentence defendant to life in prison pursuant to 21 U.S.C. §§ 841(b)(1)(A), 851. He was convicted of an offense involving one kilogram or more of heroin, and he had two prior convictions for possession of heroin, second or subsequent offense, felonies under state law. (R. 681, information pursuant to 21 U.S.C. § 851.) In 2018, Congress amended this recidivist provision. Previously, a defendant convicted of a § 841(b)(1)(A) offense who had two prior "felony drug convictions" received a mandatory life sentence; under current law, a defendant with two or more prior convictions for a "serious drug felony" receives a mandatory sentence of 25 years. In pertinent part, the term "serious drug felony" means an offense under state law involving the manufacture, distribution, or possession with intent to distribute a controlled substance, for which a maximum term of

3

imprisonment of 10 years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. § 802(57). Neither of defendant's prior convictions, both simple possession offenses, qualify under current law. Accordingly, his mandatory minimum today would 10 years.

Numerous courts, including this one, have granted compassionate release under these circumstances. E.g., United States v. Brown, No. 06-CR-327, 2020 U.S. Dist. LEXIS 237263, at *13 (E.D. Wis. Dec. 17, 2020) (granting release based in part on reduction in mandatory sentence from life to 10 years); United States v. Williams, No. 5:12-cr-14, 2020 U.S. Dist. LEXIS 179932, at *20-23 (W.D. Va. Sept. 29, 2020) (reducing mandatory life sentence given "tectonic" changes in the sentencing statute, under which the mandatory minimum would have been just 120 months); United States v. Day, No. 1:05-cr-460-AJT-1, 2020 U.S. Dist. LEXIS 133586, at *31-32 (E.D. Va. July 23, 2020) (reducing mandatory life sentence given changes to the recidivist provisions in §§ 841(b)(1)(A) & 851, under which the mandatory term would have been 15 years); United States v. Ledezma-Rodriguez, No. 3:00-CR-00071, 2020 U.S. Dist. LEXIS 123539, at *10 (S.D. Iowa July 14, 2020) (granting compassionate release motion where minimum sentence on drug conviction under current law would be 10 years, rather than life).

Finally, the § 3553(a) factors support modification. Defendant acted primarily as a courier for a large-scale drug trafficking organization; he did not possess a weapon or engage in violence as part of the offense; and his involvement stemmed in part from his own heroin use. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). While he has a significant prior record, it consists mostly of drug possession, retail theft, and other low level offenses; he does not have a history of violence; and his previous custodial sentences were in the two-to-three year range. See United States v. Ramsey, No. 18-CR-163, 2020 U.S. Dist. LEXIS 118681, at *13-14 (E.D. Wis.

4

July 7, 2020) ("Reducing the sentence to time serve[d] will still result in a longer term than defendant had previously served, producing sufficient deterrence.") (citing United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and deter future misconduct, to note the length of any previous sentences imposed. Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.")). No other defendant in this case received a sentence of greater than 120 months, and most received less than that; reducing the sentence here would ameliorate that disparity. See 18 U.S.C. § 3553(a)(6). Finally, defendant appears to have done well in prison, and he has a solid release plan in place. (R. 1080 at 18.) Granting release from prison will not endanger the public. See 18 U.S.C. § 3553(a)(2)(C).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1076, 1080) is granted, and his prison sentence is reduced to time served. All other terms and conditions of the sentence remain as fixed. An amended judgment shall issue consistent with this order.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

5

Case 2:11-cr-00133-LA   Filed 02/11/21   Page 5 of 5   Document 1083